TROY LAW, PLLC
Aaron Schweitzer (AS 6369)
John Troy (JT 0481)
41-25 Kissena Boulevard Suite 119
Flushing, NY 11355
Tel: (718) 762-1324
*Attorney for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

Case No. 19-cv-12742

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**
-----------------------------------------------------------X
BAO YU YANG,
*on his own behalf and on behalf of others similarly situated*

                               Plaintiff,
                               v.

SOMCHAI AND COMPANY INC
    d/b/a Sky Thai;
MADEE INC
    d/b/a Sky Thai;
JC62 INC
    d/b/a Sky Thai;
AMPAWUN SILRAKSA, and
CHIN YING LAU
    a/k/a Lau Chez Ying
                               Defendants.
-----------------------------------------------------------X

**<u>29 U.S.C. § 216(b)
COLLECTIVE ACTION &
FED. R. CIV. P. 23 CLASS
ACTION</u>**

**COMPLAINT**

      Plaintiff BAO YU YANG (hereinafter referred to as Plaintiff), on behalf of himself and others similarly situated, by and through his attorney, Troy Law, PLLC, hereby brings this complaint against Defendants SOMCHAI AND COMPANY INC d/b/a Sky Thai; MADEE INC d/b/a Sky Thai; JC62 INC d/b/a Sky Thai; AMPAWUN SILRAKSA, and CHIN YING LAU a/k/a Lau Chez Ying, and alleges as follows:

## INTRODUCTION

      1.    This action is brought by the Plaintiff BAO YU YANG, on behalf of himself as well as other employees similarly situated, against the Defendants for alleged violations of

the Fair Labor Standards Act, (FLSA) 29 U.S.C. § 201 *et seq.* and New Jersey Wage and Hour Law, NJSA § 34:11-56 *et seq* ("NJWHL"), arising from Defendants' various willfully and unlawful employment policies, patterns and practices.

2.      Upon information and belief, Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWHL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage for each hour worked and overtime compensation for all hours worked over forty (40) each workweek.

3.      Plaintiff alleges pursuant to the FLSA, that he is entitled to recover from the Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) out of pocket expenses to delivery experts on the road, (4) liquidated damages, (5) prejudgment and post-judgement interest; and or (6) attorney's fees and cost.

4.      Plaintiff further alleges pursuant NJWHL that he is entitled to recover from the Defendants: (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) out of pocket expenses to delivery experts on the road, (4) pre-judgment and post-judgment interest, and (4) attorney's fees and costs.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction over this controversy under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, and has supplemental jurisdiction over the New Jersey State Law claims pursuant to 28 U.S.C. § 1367(a).

6.      Venue is proper in the New Jersey pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this District, and the acts and omissions giving rise to the claims herein alleged took place in this District.

## PLAINTIFF

7. From on or about October 15, 2017 to April 19, 2018, Plaintiff BAO YU YANG was employed by Defendants to work as a delivery at 62 Morris Street, Jersey City, NJ 07302.

## DEFENDANTS

*Corporate Defendants*

8. Defendant MADEE INC d/b/a Sky Thai is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 62 Morris Street, Jersey City, NJ 07302.

9. MADEE INC d/b/a Sky Thai is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

10. MADEE INC d/b/a Sky Thai purchased and handled goods moved in interstate commerce.

11. Defendant JC62 INC d/b/a Sky Thai is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 62 Morris Street, Jersey City, NJ 07302.

12. JC62 INC d/b/a Sky Thai is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

13. JC62 INC d/b/a Sky Thai purchased and handled goods moved in interstate commerce.

14. Defendant SOMCHAI AND COMPANY INC d/b/a Sky Thai is a domestic business corporation organized under the laws of the State of New Jersey with a principal address at 62 Morris Street, Jersey City, NJ 07302.

15. SOMCHAI AND COMPANY INC d/b/a Sky Thai is a business engaged in interstate commerce that has gross sales in excess of five hundred thousand dollars ($500,000) per year.

16. SOMCHAI AND COMPANY INC d/b/a Sky Thai purchased and handled goods moved in interstate commerce.

*Owner/Operator Defendants*

17. AMPAWUN SILRAKSA known as "Boss" to Plaintiff and Registered Agent and Director of MADEE INC d/b/a Sky Thai, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at MADEE INC d/b/a Sky Thai; JC62 INC d/b/a Sky Thai; and SOMCHAI AND COMPANY INC d/b/a Sky Thai.

18. AMPAWUN SILRAKSA hired Plaintiff, in addition to deliveryman WU and deliveryman TONY.

19. AMPAWUN SILRAKSA paid restaurant employees every half a month, in check.

20. AMPAWUN SILRAKSA set Plaintiff's work schedule.

21. AMPAWUN SILRAKSA acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NJWHL § 34:11-4.1 and the regulations thereunder, and is jointly and severally liable with MADEE INC d/b/a Sky Thai; JC62 INC d/b/a Sky Thai; and SOMCHAI AND COMPANY INC d/b/a Sky Thai.

22. CHIN YING LAU a/k/a Lau Chez Ying and Director of JC62 INC d/b/a Sky

Thai and SOMCHAI AND COMPANY INC d/b/a Sky Thai, (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employee records at MADEE INC d/b/a Sky Thai; JC62 INC d/b/a Sky Thai; and SOMCHAI AND COMPANY INC d/b/a Sky Thai

23. CHIN YING LAU A/K/A LAU CHEZ YING acted intentionally and maliciously and is an employer pursuant to FLSA, 29 U.S.C. § 203(d) and regulations promulgated thereunder, 29 C.F.R. § 791.2, NJWHL § 34:11-4.1 and the regulations thereunder, and is jointly and severally liable with MADEE INC d/b/a Sky Thai; JC62 INC d/b/a Sky Thai; and SOMCHAI AND COMPANY INC d/b/a Sky Thai.

## STATEMENT OF FACTS

24. Defendants committed the following alleged acts knowingly, intentionally and willfully against the Plaintiff, the FLSA Collective Plaintiffs, and the Class.

25. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff and similarly situated employees at least the New Jersey minimum wage for each hour worked.

26. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawful overtime compensation of one and one-half times (1.5x) their regular rate of pay for all hours worked over forty (40) in a given workweek.

27. While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

28. Defendants failed to keep full and accurate records of Plaintiff's hours and wages.

29. Upon information and belief, Defendants failed to keep full and accurate records in order to mitigate liability for their wage violations. Defendants never furnished any notice of their use of tip credit.

30. At all relevant times, Defendants knowingly and willfully failed to provide Plaintiff and similarly situated employees with Time of Hire Notice reflecting true rates of pay and payday as well as paystub that lists employee's name, employer's name, employer's address and telephone number, employee's rate or rates of pay, any deductions made from employee's wages, any allowances claimed as part of the minimum wage, and the employee's gross and net wages for each pay day.

31. Defendants knew that the nonpayment of overtime pay would financially injure Plaintiff and similarly situated employees and violate state and federal laws.

*Plaintiff BAO YU YANG*

32. From on or about October 15, 2017 to April 19, 2018, Plaintiff BAO YU YANG was employed by Defendants to work as a delivery at 62 Morris Street Jersey City, NJ 07302.

33. At any one time, there are between seventeen (17) and eighteen (18) employees at the restaurant, including two (2) to three (3) deliverymen, three (3) to four (4) waiters, two (2) to three (3) receptionists, six (6) to seven (7) kitchen workers, including two (2) Spanish-speaking workers and two (2) fry woks.

34. From on or about October 15, 2017 to April 19, 2018, Plaintiff BAO YU YANG's regular work schedule ran from:

    a. 11:00 to 22:00 (boarding by restaurant employees for Plaintiff BAO YU YANG to drive back to Elmhurst, Queens, NY) to 22:30 (head off to Elhurst,

    Queens, NY) to 23:30 (arrive at Elmhurst, Queens, NY) with one (1) hour fixed break from 15:00 to 16:00 for eleven and one half (11.5) hours per day for three (3) days on Mondays, Tuesdays, and Thursdays;

 b. 11:00 to 23:00 (boarding by restaurant employees for Plaintiff BAO YU YANG to drive back to Elmhurst, Queens, NY) to 23:30 (head off to Elmhurst, Quens, NY) to 24:30 (arrive at Elmhurst, Queens, NY) with one (1) hour fixed break from 15:00 to 16:00 for twelve and one half (12.5) hours per day for one (1) day on Fridays;

 c. 12:00 to 22:00 (boarding by restaurant employees for Plaintiff BAO YU YANG to drive back to Elmhurst, Queens, NY) to 22:30 (head off to Elmhurst, Quens, NY) to 24:00 (arrive at Elmhurst, Queens, NY) with one (1) hour fixed break for eleven (11) hours per day for one (1) day on Saturdays; and

 d. 15:30 to 22:00 (boarding by restaurant employees for Plaintiff BAO YU YANG to drive back to Elmhurst, Queens, NY) to 22:30 (30 (head off to Elmhurst, Quens, NY) to 23:30 (arrive at Elmhurst, Queens, NY)with one (1) hour fixed break for seven (7) hours per day for one (1) day on Sundays for a total of sixty-five (65) hours each week.

35. Each day, Plaintiff BAO YU YANG would drive the transportation an empty to the restaurant. The transportation usually took one hour and a half per day.

36. Plaintiff BAO YU YANG had to pay fifteen dollars ($15) in car toll every work day.

37. Defendants did not reimburse Plaintiff BAO YU YANG for the car toll.

38. Accordingly, Plaintiff BAO YU YANG's total work time would be seventy

four (74) hours a week.

39. At all relevant times, Plaintiff BAO YU YANG did not have a fixed time for lunch or for dinner.

40. In fact, Plaintiff BAO YU YANG had no time for dinner, meaning that during dinner hours if customer's order came, his break stopped and he had to deliver.

41. From on or about October 15, 2017 to April 19, 2018, Plaintiff BAO YU YANG was paid a flat compensation at a rate of one thousand three hundred fifty dollars ($1350.00) per month.

42. Plaintiff BAO YU YANG was paid in check every half a month.

43. At all relevant times, Plaintiff BAO YU YANG was not paid overtime pay for overtime work.

44. At all relevant times, Plaintiff BAO YU YANG was never informed of his hourly pay rate or any tip deductions toward the minimum wage.

45. Throughout his employment, Plaintiff BAO YU YANG was not compensated at least at one-and-one-half his promised hourly wage for all hours worked above forty (40) in each workweek.

46. As part of Plaintiff's employment with Defendants, Plaintiff BAO YU YANG was required to bear the cost of the purchase of a motor vehicle and the costs of the gasoline.

47. In delivering food to Defendants' customers, Plaintiff BAO YU YANG drives an average of seventy five (75) miles a workday.

48. On average, Plaintiff BAO YU YANG drives three (3) miles per order, and delivers between twenty (20) and thirty (30) orders a day.

49. Plaintiff BAO YU YANG was not reimbursed by Defendants for the cost of

the gasoline or the cost of maintaining the delivery vehicle for Defendants' benefit.

## COLLECTIVE ACTION ALLEGATIONS

50. Plaintiff brings this action individually and as class representative individually and on behalf of all other and former non-exempt employees who have been or were employed by the Defendants for up to the last three (3) years, through entry of judgment in this case (the "Collective Action Period") and whom were not compensated at their promised hourly rate for all hours worked and at one and one half times their promised work for all hours worked in excess of forty (40) hours per week (the "Collective Action Members").

## CLASS ACTION ALLEGATIONS

51. Plaintiff brings his NJWHL claims pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") Rule 23, on behalf of all non-exempt personnel employed by Defendants on or after the date that is two years before the filing of the Complaint in this case as defined herein (the "Class Period").

52. All said persons, including Plaintiff, are referred to herein as the "Class."

53. The Class members are readily ascertainable. The number and identity of the Class members are determinable from the records of Defendants. The hours assigned and worked, the positions held, and the rate of pay for each Class Member is also determinable from Defendants' records. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants. Notice can be provided by means permissible under said Fed. R. Civ. P. 23.

*Numerosity*

54. The proposed Class is so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the

Court. Although the precise number of such persons is unknown, and the facts on which the calculation of the number is presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) members of the class.

### *Commonality*

55. There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including:

    a. Whether Defendant employed Plaintiff and the Class within the meaning of the NJWHL;

    b. Whether Plaintiff and Class members are promised and not paid at their promised hourly wage under the NJWHL;

    c. Whether Plaintiff and Class members are entitled to and paid overtime at their promised hourly wage under the NJWHL;

    d. Whether Defendants maintained a policy, pattern and/or practice of failing to provide requisite statutory meal periods;

    e. Whether Defendants provided paystubs detailing the rates of pay and credits taken towards the minimum wage to Plaintiff and the Rule 23 class on each payday;

    f. Whether Plaintiff and Class members are required to provide and maintain tools of the trade on Defendants' behalf at their own cost;

    g. At what common rate, or rates subject to common method of calculation was and is Defendants required to pay the Class members for their work.

### *Typicality*

56. Plaintiff's claims are typical of those claims which could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each

member of the Class in separate actions. All the Class members were subject to the same corporate practices of Defendants, as alleged herein, of failing to pay minimum wage or overtime compensation. Defendants' corporate-wide policies and practices affected all Class members similarly, and Defendants benefitted from the same type of unfair and/or wrongful acts as to each Class member. Plaintiff and other Class members sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

*Adequacy*

57.  Plaintiff is able to fairly and adequately protect the interests of the Class and have no interests antagonistic to the Class. Plaintiff is represented by attorneys who are experienced and competent in representing Plaintiffs in both class action and wage-and-hour employment litigation cases.

*Superiority*

58.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual Class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of efforts and expenses that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Class members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class members to redress the wrongs done to them. Further, important public interests will be served by addressing the matter as a class action. The adjudication of

individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

59. Upon information and belief, Defendants and other employers throughout the state violate the New Jersey Labor Law. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

## STATEMENT OF CLAIMS

### COUNT I.
**[Violations of the Fair Labor Standards Act—Unpaid Wage
Brought on behalf of the Plaintiff and the FLSA Collective]**

60. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

61. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff in full, and the similarly situated collective action members, for some or all of the

hours they worked.

62. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 206 shall be liable to the employees affected in the amount of their unpaid wage, and in an additional equal amount as liquidated damages.

63. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by failing to compensate Plaintiff and Collective Class Members at the statutory minimum wage when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

## COUNT II.
### [Violation of New Jersey Wage and Hour Law—Failure to Pay Minimum Wage Brought on behalf of Plaintiff and Rule 23 Class]

64. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

65. At all relevant times, Plaintiff is employed by Defendants within the meaning of NJWHL.

66. At all relevant times, Defendants had a policy and practice of refusing to pay Plaintiff, and the collective action members, in full for some or all of the hours they worked.

67. Defendants knowingly and willfully violated Plaintiff's and similarly situated Class Members' rights by failing to pay him minimum wages in the lawful amount for hours worked.

68. An employer who fails to pay the minimum wage shall be liable, for their full unpaid minimum wage, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§ 34:11-56 *et seq*.

## COUNT III.
### [Violations of the Fair Labor Standards Act—Failure to Pay Overtime Brought on behalf of the Plaintiff and the FLSA Collective]

69. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

70. The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he is employed, or one and one-half times the minimum wage, whichever is greater. 29 U.S.C. § 207(a).

71. The FLSA provides that any employer who violates the provisions of 29 U.S.C. § 207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC § 216(b).

72. Defendants' failure to pay Plaintiff and the FLSA Collective their overtime pay violated the FLSA.

73. At all relevant times, Defendants had, and continue to have, a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff and Collective Action Members for all hours worked in excess of forty (40) hours per workweek, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

74. The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. § 516.4.

75. Defendants willfully failed to notify Plaintiff and FLSA Collective of the requirements of the employment laws in order to facilitate their exploitation of Plaintiff' and

FLSA Collectives' labor.

76. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and Collective Class Members the statutory overtime rate of time and one half for all hours worked in excess of forty (40) per week when they knew or should have known such was due and that failing to do so would financially injure Plaintiff and Collective Action members.

### COUNT IV.
**[Violation of New Jersey Wage and Hour Law—Failure to Pay Overtime
Brought on behalf of Plaintiff and Rule 23 Class]**

77. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

78. An employer who fails to pay the minimum wage shall be liable, in addition to the amount of any underpayments, for liquidated damages and interest.

79. At all relevant times, Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half times the hourly rate the Plaintiff and the class are entitled to.

80. By failing to pay Plaintiff and the class, the Plaintiff and Class Members are entitled to recover from Defendants his full unpaid overtime pay, damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursement of the action pursuant to NJWHL §§ 34:11-56a *et seq.*

### COUNT V.
**[Breach of Implied Contract for Reimbursement of all Costs and Expenses of Electric
Delivery Vehicle, including Depreciation, Insurance, Maintenance and Repairs
Brought on behalf of the Plaintiff and the Class]**

81. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

82. Throughout the relevant period, Defendants required their deliverymen to bear all of the "out-of-pocket" costs associated with their vehicles, including the purchase, maintenance, repair, maintenance of the delivery vehicles, including bicycles and electric bicycles.

83. Based on his personal experience and available information, Plaintiff can document actual "out-of-pocket" vehicle related expenses of his electricity delivery bicycle.

84. The conduct of Defendants, and the course of Defendant's conduct between the parties, evidenced an intent for Plaintiff to maintain the delivery vehicle in working condition.

85. Plaintiff purchased, maintained and repaired the electric bicycle at his own expense.

86. Plaintiff performed these deliveries for the sole benefit of the Defendants.

87. Defendants neither explicitly nor implicitly requested Plaintiff to cease the purchase of gasoline and/or the maintenance of the vehicle.

88. As a result of the afore-alleged conduct of the parties, an implied contract arose between them the terms of which are that Plaintiff would incur the expenses for bicycle purchase and vehicle maintenance, in exchange for compensation from Defendants for such expenses.

89. Defendants never compensated Plaintiff for any expenses incurred from the purchase and maintenance of the electric bicycles, and the purchase of batteries. As a result, Defendants breached the implied contract by failing and refusing to pay Plaintiff a reasonable sum under the afore-alleged facts.

90. Defendants owe Plaintiff his overdue costs of delivery vehicles, cost of batter change, if applicable, and maintenance of the bicycle.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, and on the behalf of the FLSA Collective Plaintiffs and Rule 23 Class, respectfully requests that this Court enter a judgment providing the following relief:

a) Authorizing Plaintiff at the earliest possible time to give notice of this collective action, or that the Court issue such notice, to all persons who are presently, or have up through the extent allowable under the statute of limitations and including the date of issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that the civil notice has been filed, of the nature of the action, of his right to join this lawsuit if they believe they were denied premium overtime wages;

b) Certification of this case as a collective action pursuant to FLSA;

c) Issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b), and appointing Plaintiff and their counsel to represent the Collective Action Members;

d) A declaratory judgment that the practices complained of herein are unlawful under FLSA and NJWHL;

e) An injunction against Corporate Defendants, its officers, agents, successors, employees, representatives and any and all persons acting in concert with them as provided by law, from engaging in each of unlawful practices and policies set forth herein;

f) An award of unpaid minimum wage and overtime wages due under FLSA and NJWHL due Plaintiff and the Collective Action members plus compensatory and liquidated damages;

g) An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay wages at least the hourly minimum wage, overtime compensation pursuant to 29 U.S.C. §216;

h) An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b) and NJWHL;

i) An award of lost wages and liquidated damages equal to lost wages as a result of Plaintiffs' unlawful termination, compensatory damages, 2% simple prejudgment interest provided by NJWHL, post-judgment interest, and attorney fees and costs;

j) The cost and disbursements of this action;

k) An award of prejudgment and post-judgment fees;

l) Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

Dated: Flushing, New York
May 21, 2019

                                         TROY LAW, PLLC
*Attorneys for the Plaintiff, proposed FLSA Collective and potential Rule 23 Class*

/s/ Aaron Schweitzer
Aaron Schweitzer