## BACKGROUND

This dispute arises out of alleged violations of Fair Labor Standards Act, (FLSA) 29 U.S.C. s 201 et seq. and New Jersey Wage and Hour Law, NJSA s 34:11-56et seq. ("NJWHL) between BAO YU YANG, (Plaintiff) and MADEE INC d/b/a Sky Thai, and AMPAWUN SILRAKSA, A UNITED STATES RESIDENT (Defendants) and other Defendants whom this law firm does not represent. Plaintiff alleged that Defendants have willfully and intentionally committed widespread violations of the FLSA and NJWSL by engaging in pattern and practice of failing to pay its employees, including Plaintiff, minimum wage of each hour worked and overtime compensation for all hours worked over forty (40) each work week.

Plaintiff added that pursuant to the FLSA, he is entitled to recover from Defendants: (1) unpaid minimum wage, (2) unpaid overtime wages, (3) out of pocket expenses to deliver "experts" on the road, (4) liquidated damages, (5) pre judgment and post-judgment interests; and or (6) attorney's fees and cost.

Plaintiff further alleges that pursuant NJWSL that he is entitled to recover; (1) unpaid minimum wage compensation, (2) unpaid overtime compensation, (3) out of pocket expenses to deliver "experts" on the road, (4) liquidated damages, (5) pre judgment and post-judgment interests; and or (6) attorney's fees and cost.

Plaintiff's Attorney filed the case at bar as a Class suit claiming that there may be similar Defendants' former employees who are in the same situation with the same claims in these alleged violations by Defendants.

Plaintiff alleges that Defendant **SOMCHAI AND COMPANY INC,** was his employer from October 15, 2017 to April 19, 2018. This is an allegation which the two above named Defendants dispute. Plaintiff never claimed that he was an employee of **MADEE INC d/b/a Sky Thai. MADEE INC d/b/a Sky Thai** is incorporated on September 12, 2018.  The fact is **Plaintiff had NEVER worked for MADEE INC because that was even before Defendant MADEE INC. came into existence**.

Plaintiff sues Defendant **AMPAWUN SILRAKSA** along with Defendant **SOMCHAI AND COMPANY INC.** in his "Class Action" but Defendant **AMPAWUN SILRAKSA** was never an owner, shareholder, a director or an officer of **SOMCHAI AND COMPANY INC** but only a manager, another employee of **SOMCHAI AND COMPANY INC.** New Jersey Business Registration shows that Defendant. **SOMCHAI AND COMPANY INC** does not exist anymore and Defendant **AMPAWUN SILRAKSA** is now an ex-employee like Plaintiff.

In fact, as far as Plaintiff filing this case as a Class Action is beyond anyone's understanding. There was NEVER more than one person, other than Plaintiff, and hence the case at bar was filed in Court under the wrong action and category. On May 21, 2018, U.S. Supreme Court handed down a decision on EPIC SYSTEM CORP. v. LEWIS

rejecting litigation under FLSA and NJWSL through Class Actions by favoring enforcement of arbitration under the Federal Arbitration Act.

Plaintiff fails to show that Defendant **AMPAWUN SILRAKSA** was the owner of Defendant **SOMCHAI AND COMPANY INC.** instead Plaintiff only states that Defendant **AMPAWUN SILRAKSA** had the power to hire, fire and decide pay rate for employees.

Plaintiff fails to show that there is a connection between Defendant **SOMCHAI AND COMPANY INC.** and Defendant **MADEE INC.**

Plaintiff wrongfully filed this Class Action against ALL Defendants including **MADEE INC.** and **AMPAWUN SILRAKSA** as a "Class Action" when in fact Plaintiff **NEVER** worked for Defendant **MADEE INC.** If Plaintiff never worked for **MADEE INC.**, how could he represent other employees who worked for Defendant **MADEE INC.** by using his own alleged misfortune with another employer? Moreover, up to the time when this Motion to Dismiss is filed, there have been **NO OTHER** plaintiffs other than Mr. BAO YU YANG. The only conclusion drawn from this Plaintiff's frivolous suit is that he was misguided and was motivated by effortless monetary reward by making FALSE accusations.

Plaintiff's Motion to dismiss Defendants' Counterclaim was hastily filed without any substance in Arguments and Legal Arguments Plaintiff failed again to provide convincing proofs and precedents in supporting his Motion.

## ARGUMENTS

## THE COUNTERCLAIM BY DEFENDANTS ARE LEGAL AND VALID

### PLAINTIFF SUES THE WRONG PARTIES: there is NO merit

1. In Plaintiff's Memorandum of Law in Support of his motion to dismiss Counterclaim, Plaintiff made the same mistake again in his Statement of Facts by falsely claiming he was hired by Defendant **AMPAWUN SILRAKSA** who was only one of the few managers under the "Boss". All positions were hired and/or fired by the "Boss". Defendant **AMPAWUN SILRAKSA** simply did not have that power. Most important of all, given a **SECOND OPPORTUNITY** by Court to prove his point, Plaintiff simply cannot provide any proof but the same old rhetoric.

### COUNTERCLAIM IS LEGAL AND NECESSARY

2. In **Mr. Yang'**s Statement of Facts of his Memorandum of Law, Plaintiff purposely misled the Court by claiming that the Motion to Dismiss filed by Defendants for the initial Complaint by Plaintiff was denied because of lack of merits, however, in actual fact Defendants' Motion to Dismiss was denied was due to Hon. Judge Cecchi's Termination of Plaintiff's First Complaint and gave him a second chance to file and hence Defendants' Motion to Dismiss became moot. From his argument stated in his Statement of Facts, it is not hard to see Plaintiff's frivolous intent to twist all the facts to support his ridiculous arguments.

3. Again, Plaintiff argued that it is not the time to have Counterclaim against Him because it is premature. The purpose of the Counterclaim is to seek unnecessary legal fees spent by Defendants **MADEE INC d/b/a Sky Thai and AMPAWUN SILRAKSA, AMPAWUN.** Plaintiff wrongly believes that by continuing to sue both Defendants on a contingency basis he has nothing to lose. As such, Defendants **MADEE INC d/b/a Sky Thai and AMPAWUN SILRAKSA, AMPAWUN** have to counterclaim against Plaintiff at this time so as to stop unnecessary legal fees. In actual fact, Plaintiff's insistence in his suit will also cause backlog to the Court system which is unfair for the Court and other genuine plaintiffs trying to bring justice under the Rule of Law.

4. Defendants **MADEE INC d/b/a Sky Thai**, and **AMPAWUN SILRAKSA** have already spent quite a sum of legal fees in this frivolous suit. They have to recover these fees from Plaintiff because of his selfish and greedy actions. Plaintiff does not only have to bear the original Complaint's legal fees but also the fees for this Amended Complaint.

5. Defendants **MADEE INC d/b/a Sky Thai**, and **AMPAWUN SILRAKSA.** do not know if this suit against them is the only suit he has against ALL his "Employers" or he actually has a few just to hope that one will result in settlement(s)or "Award(s) " by Court. This Counterclaim will also serve as a warning to him while he may be filing false accusations against his "Employers", at the same time, innocent and honest business people may also file counterclaim against him so that he may be also responsible for Defendants' legal fees and among others, damages.

6. The fees in the Counterclaim are fair and reasonable. As such, Plaintiff's Motion to Dismiss Counterclaim should be denied.

## CONCLUSION

This Court should deny Plaintiff's Motion **to dismiss Defendants MADEE INC d/b/a Sky-Thai, and AMPAWUN SILRAKSA, Counterclaims based on the arguments stated above. As such, Defendants MADEE INC d/b/a Sky-Thai, and AMPAWUN SILRAKSA** pleads to Court

1. On the First Counterclaim against Plaintiff and in favor of Defendants **MADEE INC d/b/a Sky-Thai, and AMPAWUN SILRAKSA**, in the amount of $15,000.00 of Attorney Fees.

2. On the Third Counterclaim against Plaintiff and in favor of Defendants **MADEE INC d/b/a Sky-Thai, and AMPAWUN SILRAKSA**, in the amount of $20,000.00 of Attorney Fees.

3. On the ALL Counterclaim against Plaintiff and in favor of **MADEE INC d/b/a Sky-Thai, and AMPAWUN SILRAKSA**, for their mental pain and suffering punitive damages due to Plaintiff's "Unclean Hand" in this frivolous suit of $2,500,000.00 along with attorney's fees claimed in First and Third Counter-Claims, and

G. For such further relief as the Court may deem just, all together with the costs and disbursements of this action.

David K. Chin, Esq.
Attorney for Defendants MADEE INC d/b/a Sky Thai, and AMPAWUN SILRAKSA

/s/ David Chin

David K Chin