**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BAO YU YANG, *on his own behalf and on behalf of others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>SOMCHAI AND COMPANY INC, *et al.*,<br>Defendants. | Civil Action No.: 19-12742<br><br>**OPINION** |

**CECCHI**, **District Judge.**

This matter comes before the Court on Defendants Madee Inc.'s and Ampawun Silraksa's (together, "Defendants") motions to dismiss (ECF Nos. 40 and 41),[1] as well as Plaintiff Bao Yu Yang's ("Plaintiff") motion to dismiss Defendants' counterclaims (ECF No. 42). Plaintiff has opposed Defendants' motions (ECF No. 44) and Defendants have opposed Plaintiff's motion to dismiss Defendants' counterclaims (ECF Nos. 45–46). Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court decides the motions without oral argument. For the reasons set forth below, Defendants' motions to dismiss (ECF Nos. 40 and 41) are **DENIED** and Plaintiff's motion to dismiss Defendants' counterclaims (ECF No. 42) is **GRANTED**.

**I.     BACKGROUND**

Plaintiff initiated this lawsuit on May 21, 2019. ECF No. 1. Defendants moved to dismiss the complaint (ECF Nos. 8–10) and Plaintiff filed a brief in opposition which included new factual allegations regarding relationship between Plaintiff and Defendants (ECF No. 12 at 4–6). The

---

[1] Both motions to dismiss were filed by the same counsel and appear to be duplicates. Accordingly the Court will only cite to one motion unless otherwise noted. *See* ECF No. 43 at 1 n.1 ("Defendants have a strange habit of filing the same document multiple times, on behalf of each individual defendant.").

Court denied the motions to dismiss as moot, dismissed the complaint without prejudice, and gave Plaintiff leave to file an amended complaint that included the additional factual allegations. ECF No. 36 at 2.

The amended complaint ("Amended Complaint") was filed on March 24, 2020. ECF No. 37. Plaintiff alleges that he was employed as a delivery person from October 2017 until April 2019 at Sky Thai restaurant located at 62 Morris Street, Jersey City, NJ 07302. Id. at 3. Plaintiff alleges that he was not paid for his overtime work, was not given a break for lunch or dinner, and was not reimbursed for the cost of gasoline and maintaining a vehicle for deliveries. Id. at 9–10. Plaintiff alleges that he was paid a flat rate of $1,350 per month and worked approximately 74 hours per week. Id. at 9. The Amended Complaint identifies defendant Madee Inc. as the corporation which currently owns Sky Thai restaurant and states that defendant Ampawun Silraksa is the sole director of Madee Inc. Id. at 6. Plaintiff alleges that Silraksa, as the director of Madee Inc., and as his direct "Boss" had hiring and firing power at Sky Thai, set schedules and conditions of employment, determined rates of payment, and kept employment records. Id. at 4. The Amended Complaint asserts five causes of action on behalf of Plaintiff and similarly situated individuals: (1) violations of the Fair Labor Standards Act ("FLSA") for refusing to pay employees for all of the hours they worked, (2) violations of the New Jersey Wage and Hour Law ("NJWHL") for failure to pay minimum wage, (3) violations of the FLSA for failure to pay overtime hours in excess of forty (40) hours per week at one and one-half times the regular rate of pay, (4) violations of the NJWHL for failure to pay overtime compensation at one and one-half times the regular rate of pay, and (5) breach of implied contract for reimbursement of all costs and expenses of electric delivery vehicle, including depreciation, insurance, maintenance, and repairs. Id. at 14–18.

Defendants answered the Amended Complaint and interposed counterclaims in their answers. ECF Nos. 38–39. The counterclaims allege that Plaintiff has filed a frivolous suit, that he improperly named Defendants in his Amended Complaint, that he lacks proof that Defendants are properly named, and that under the doctrine of unclean hands, Defendants should be awarded $20,000 in legal fees. ECF No. 39 at 8–9.

## II.     LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. *See Phillips v. Cnty. of* Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

"Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*. 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal citations omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. Thus, when reviewing complaints for failure to state a claim, district courts should engage in a two-part analysis: "First, the factual and legal elements of a claim should be separated . . . . Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *See*

*Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) (internal citations omitted).[2]

The same legal standard applies when reviewing a motion to dismiss counterclaims. *See U.S. v. Boston Scientific Neuromodulation Corp.*, 2014 WL 4402118, at *2 (D.N.J. 2014) (citing *Cnty. of Hudson v. Janiszewski*, 351 Fed. App'x 662, 667–68 (3d Cir. 2009) ("The standards for a properly pled complaint[ ] by extension apply to counterclaims."); *see also Meng v. Du*, No. 19-18118, 2020 WL 4593273, at *2 (D.N.J. Aug. 11, 2020).

### III.  DISCUSSION

The court will begin by addressing Defendants' motions to dismiss. The motions argue that Plaintiff was not an employee of defendant Madee Inc. because it was formed after Plaintiff stopped working as a delivery person at Sky Thai, that Plaintiff fails to show that defendant Ampawun Silraksa was an owner, shareholder, director, or officer of Sky Thai or associated legal entities, and that Plaintiff improperly seeks to represent a class of similarly situated individuals. ECF No. 41 at 2–3. Plaintiff responds that he has alleged that Madee Inc. is liable as a successor to Somchai and Company which operated Sky Thai before Madee Inc., that Ampawun Silraksa

---

[2] In his opposition to the motions to dismiss, Plaintiff notes that Defendants' motions are actually motions for judgments on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure because Defendants answered the Amended Complaint (ECF Nos. 38–39) before filing their motions. *See* ECF No. 44 at 3 ("Defendants' motion is styled [as] a motion to dismiss . . . . However, a motion to dismiss pursuant to Rule 12(b)(6) must be filed before an answer."). Nevertheless, as the standards for motions under Rule 12(b)(6) and Rule 12(c) are "identical," the Court will consider the motions as filed. *Fish Kiss LLC v. N. Star Creations, LLC*, No. 17-8193, 2018 WL 3831335, at *4 (D.N.J. Aug. 13, 2018) ("While Defendants' Second Motion is styled a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the standard for such a motion is identical to the standard for considering a motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c), which the Federal Rules explicitly contemplate the filing of, even after a defendant has filed an answer, in order to pursue the defense that the complaint fails to state a claim upon which relief may be granted. . . .  Since there is no practical difference between the standards under Rule 12(b)(6) and Rule 12(c), the Court will address the motion as briefed under Rule 12(b)(6), addressing the Second Amended Complaint.").

was his employer under the definitions of the FLSA and the NJWHL, and that Defendants' arguments regarding class certification are premature. ECF No. 44 at 6–10.

At the outset, the Court reiterates that, at this stage of the litigation, all allegations in the Amended Complaint are taken as true and all inferences are construed in favor of Plaintiff as the non-moving party. *See Phillips*, 515 F.3d at 234 (3d Cir. 2008). While Defendants repeatedly argue that Plaintiff has not provided "proof" of his allegations (*see, e.g.*, ECF No. 41 at 3, 4, 5, 6) that is not necessary at this time.

Keeping this principle in mind, Defendants' motions must be denied. The Amended Complaint alleges that "MADEE INC. d/b/a Sky Thai is a Successor to JC62 INC d/b/a Sky Thai and/or SOMCHAI AND COMPANY," that "JC62 INC d/b/a Sky Thai and SOMCHAI AND COMPANY d/b/a Sky Thai existed contemporaneously and upon information and belief operated Sky Thai together, during Plaintiff's employment," that "MADEE INC d/b/a Sky Thai was incorporated on September 12, 2018, and began operating Sky Thai on or about September 12, 2018," and that "MADEE INC d/b/a Sky Thai continues to operate Sky Thai under the same name, at the same premises, and upon information and belief continued to operate with substantially the same personnel and equipment as had been in place before its formation." ECF No. 36 at 5–6. These allegations are sufficient to support the present claims against Madee Inc. as the relevant factors to consider for successor liability on FLSA claims are "(1) continuity in operations and work force of the successor and predecessor employers; (2) notice to the successor-employer of its predecessor's legal obligation; and (3) ability of the predecessor to provide adequate relief directly." *Thompson v. Real Estate Mortg. Network*, 748 F.3d 142, 151 (quoting *Brzozowski v. Corr. Physician Servs., Inc.,* 360 F.3d 173, 178 (3d Cir. 2004). Plaintiff has satisfied these factors for the purposes of the present motions to dismiss by alleging that Madee Inc. took over Sky Thai

from Somchai and Company and has run Sky Thai at the same premises in a similar manner as before, that Ampawun Silraksa had notice and knowledge of Plaintiff's claims as the manager of Sky Thai under both Somchai and Company and Madee Inc., and that Somchai and Company cannot provide adequate relief to Plaintiff because Madee Inc. purchased all of its assets. ECF No. 37 at 5–6; *see also* ECF No. 41 at 3.  Accepting all allegations in the Amended Complaint as true, Plaintiff has adequately pled that he may bring his claims against Madee Inc. as a successor to Somchai and Company.

Similarly, Plaintiff has adequately alleged that Ampawun Silraksa was his employer for purposes of the FLSA and NJWHL.  Under the FLSA, the factors to consider in determining who is an employer are: "1) the alleged employer's authority to hire and fire the relevant employees; 2) the alleged employer's authority to promulgate work rules and assignments and to set the employees' conditions of employment . . .; 3) the alleged employer's involvement in day-to-day employee supervision, including employee discipline; and 4) the alleged employer's actual control of employee records, such as payroll, insurance, or taxes." *In re Enter. Rent-A-Car Wage & Hour Employment Practices Litig.*, 683 F.3d 462, 469 (3d Cir. 2012).  The Amended Complaint contains sufficient allegations to satisfy these factors, as Plaintiff alleges that Silraksa hired him, paid him, set his work schedule, and was his direct supervisor. ECF No. 37 at 4, 6.  Additionally, there is little doubt that these allegations are adequate in light of the fact that "[t]he Supreme Court has even gone so far as to acknowledge that the FLSA's definition of an employer is 'the broadest definition that has ever been included in any one act.'" *In re Enter. Rent-A-Car Wage & Hour Employment Practices Litig.*, 683 F.3d at 467–68 (quoting *United States v. Rosenwasser*, 323 U.S. 360, 363 n.3 (1945).  The same holds true for the NJWHL, which "defines an employer as any individual, partnership, association, corporation, and the State and any county, municipality, or

school district in the State, or any agency, authority, department, bureau, or instrumentality thereof, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." *Espinal v. Bob's Disc. Furniture, LLC*, No. 17-2854, 2020 WL 6055123, at *3 (D.N.J. Oct. 14, 2020). Given these broad definitions of "employer," the allegations in the Amended Complaint support Plaintiff's claim that Silraksa was his employer for the purposes of his FLSA and NJWHL claims.

Finally, the Court agrees with Plaintiff that Defendants' arguments regarding class certification are premature at this time and have little bearing on whether the Amended Complaint should be dismissed. *See Neuss v. Rubi Rose, LLC*, No. 16-2339, 2017 WL 2367056, at *10 (D.N.J. May 31, 2017) (quoting *Landman & Funk PC v. Skinder–Strauss Assoc.*, 640 F.3d 72, 93 n.30 (3d Cir. 2011) ("Motions to strike, however, are generally disfavored in this circuit at the motion to dismiss stage, and the Third Circuit has acknowledged that there are 'rare few cases where the complaint itself demonstrates that the requirements for maintaining a class action cannot be met.'"); *see also Weske v. Samsung Elecs., Am., Inc.*, 934 F. Supp. 2d 698, 707 (D.N.J. 2013) ("[N]umerous cases in this District have emphatically denied requests to strike class allegations at the motion to dismiss stage as procedurally premature."). Accordingly, the Court declines to dismiss the Amended Complaint on the basis that its class action claims fail to meet the requirements of Rule 23 of the Federal Rules of Civil Procedure.

Turning next to Defendants' counterclaims, the Court finds that dismissal of these claims is warranted as currently pled. As noted above, counterclaims must meet the same pleading requirements as claims set forth in a complaint. *See Janiszewski*, 351 Fed. App'x at 667–68. Defendants' counterclaims are not clearly labeled as statutory and common-law causes of action, and appear to be essentially claims that this litigation is brought in bad faith. *See* ECF No. 43 at 4;

ECF No. 39 at 8–9. These claims of bad faith are not supported by any factual allegations, and such conclusory claims cannot survive the pleading standard set forth in the federal rules of civil procedure. *See Meng*, 2020 WL 4593273, at *6 (dismissing counterclaim for failure to state a claim supported by factual allegations).

### IV.     CONCLUSION

For the reasons stated above, Defendants' motions to dismiss (ECF Nos. 40 and 41) are **DENIED** and Plaintiff's motion to dismiss Defendants' counterclaims (ECF No. 42) is **GRANTED**. An appropriate Order accompanies this Opinion.

**DATE:** November 13, 2020

**CLAIRE C. CECCHI, U.S.D.J.**