NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| BAO YU YANG, *on behalf of himself and all others similarly situated,* | Civil Action No.: 19-cv-12742 |
| Plaintiff, | |
| v. | **OPINION** |
| SOMCHAI AND COMPANY INC. *et al.*, | |
| Defendants. | |

**CECCHI, District Judge.**

This matter comes before the Court on plaintiff Bao Yu Yang's ("Plaintiff") motion for conditional certification of a collective action for all similarly situated non-managerial employees and court authorized notice to all similarly situated non-managerial employees, pursuant to the Fair Labor Standards Act ("FLSA"), as well as equitable tolling of the statute of limitations to allow potential plaintiffs to join the action. ECF No. 67. Defendants Madee Inc. doing business as Sky Thai ("Sky Thai") and Ampawun Silraksa ("Silraksa" or, together with Sky Thai, "Defendants") filed oppositions (ECF Nos. 70, 71). Plaintiff then replied (ECF No. 72). The Court has considered the submissions made in support of and in opposition to the instant motion. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Plaintiff's motion is granted.

## I.      **BACKGROUND**

The instant action arises out of the terms of Plaintiff's employment with Defendants. Plaintiff alleges that from approximately October 15, 2017 until April 19, 2018, he worked as a deliveryman for Sky Thai, a restaurant located at 62 Morris Street, Jersey City, New Jersey. ECF No. 37 at ¶ 45. He alleges that he worked at the restaurant every day except Wednesdays for 65 hours a week. *Id.* at ¶ 47. In addition to his deliveryman duties, Plaintiff alleges that for another

nine hours a week his job with Defendants required him to drive other Sky Thai employees from the restaurant in New Jersey to their homes in Elmhurst, Queens, New York. *Id.* at ¶¶ 47–48. Thus, Plaintiff claims that, between his time working as a deliveryman and his time transporting Sky Thai employees, he worked approximately 74 hours a week in total for Defendants. *Id.* at ¶ 51. Plaintiff further alleges that Sky Thai employed 17 or 18 individuals during Plaintiff's time working for Defendants, all of whom worked in excess of 40 hours a week. *Id.* at ¶ 46.

Plaintiff alleges that he was paid a flat rate of $1,350 a month. *Id.* at ¶ 54. Moreover, he alleges that he was not paid at least minimum wage, nor was he compensated for any overtime worked or given a break for lunch or dinner. *Id.* at ¶¶ 52–54, 56, 58, 77–81. Plaintiff also alleges that he was not reimbursed for any out-of-pocket costs, like highway tolls, associated with driving Sky Thai employees home at the end of a workday. *Id.* at ¶¶ 48–49. Defendants allegedly also did not reimburse him for maintenance costs associated with the vehicle he used to complete Sky Thai food deliveries. *Id.* at ¶ 62.

Plaintiff initiated this action on May 21, 2019. ECF No. 1. On March 24, 2020, Plaintiff filed the First Amended Complaint on behalf of himself and other similarly situated non-managerial employees alleging claims for: 1) violations of the FLSA for refusing to pay employees for all of the hours they worked; 2) violations of the New Jersey Wage and Hour Law ("NJWHL") for failure to pay minimum wage; 3) violations of the FLSA for failure to pay overtime in excess of forty (40) hours per week at one and one-half times the regular rate of pay; 4) violations of the NJWHL for failure to pay overtime compensation at one and one-half times the regular rate of pay; and 5) breach of implied contract for reimbursement of all costs and expenses associated with delivery vehicles. ECF No. 37. This Court subsequently denied Defendants' motion to dismiss the First Amended Complaint and also dismissed Defendants' counterclaims. ECF No. 54. Plaintiff

then filed this motion for conditional certification, court authorized notice to similarly situated non-managerial employees, and equitable tolling of the statute of limitations on June 18, 2021. ECF No. 67. Defendants filed oppositions on June 29, 2021 (ECF Nos. 70, 71), to which Plaintiff replied on July 12, 2021 (ECF No. 72).

## II.    <u>LEGAL STANDARD</u>

Section 216(b) of the FLSA authorizes employees to bring a collective action on behalf of themselves and others "similarly situated." 29 U.S.C. § 216(b). To establish that employees are similarly situated, a plaintiff must "produce some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected [him] and the manner in which it affected other employees." *Symczyk v. Genesis Healthcare Corp.*, 656 F.3d 189, 193 (3d Cir. 2011), *rev'd on other grounds by Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66 (2013). To become parties to a collective action, "employees must affirmatively opt-in by filing written consents with the court." *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 242–43 (3d Cir. 2013) (citing 29 U.S.C. § 216(b)).

Courts in the Third Circuit follow a two-step process for deciding whether a case may proceed as a FLSA collective action. *Id.* at 243. At step one, a plaintiff need not show that the positions held by the putative class members are identical. *Kaiser v. Daiichi Sankyo*, Inc. No. 11-cv-2414, 2012 WL 13042875, at *4 (D.N.J. Apr. 27, 2012). Instead, the court must determine whether the plaintiff has made "a modest factual showing that the employees identified in [his] complaint are similarly situated." *Camesi*, 729 F.3d at 243 (internal citation and quotation marks omitted). If the plaintiff can satisfy this "fairly lenient standard," *Kaiser*, 2012 WL 13042875, at *4, the court then conditionally certifies "the collective action for the purpose of facilitating notice

3

to potential opt-in plaintiffs and conducting pre-trial discovery." *Maddy v. Gen. Elec. Co.*, 59 F. Supp. 3d 675, 681 (D.N.J. 2014) (quoting *Camesi*, 729 F.3d at 243)..

## III.   DISCUSSION

The Court finds, as explained further below, first that Plaintiff has sufficiently demonstrated that employees identified in the First Amended Complaint are similarly situated to conditionally certify the class. Second, the Court instructs the parties to meet and confer regarding the content and method of disseminating the proposed Form of Notice. Finally, the Court finds that equitable tolling of the statute of limitations until the expiration of the opt-in period is appropriate. The Court will discuss each of these holdings in turn.

### a.   Conditional Certification

In addition to the First Amended Complaint, Plaintiff has submitted a Declaration that describes the terms of his employment while working for Defendants. ECF No. 68-5. Plaintiff argues that the First Amended Complaint and the statements in the Declaration demonstrate that Defendants' employees, including Plaintiff, worked similar schedules in excess of 40 hours a week, and employees were not compensated pursuant to minimum wage requirements.[1] ECF No. 68 at 1. Thus, Plaintiff argues that he has exceeded "the low burden for Conditional Certification of all non-managerial employees of Defendants." *Id.* at 2.

As explained above, for a case to proceed as a collective action under the FLSA, a court applies a "fairly lenient standard" in determining whether a plaintiff has offered a modest factual showing that employees are similarly situated. *Kaiser*, 2012 WL 13042875, at *4. Specifically, the

---

[1] The Court notes that it may consider facts alleged outside of the pleadings, such as facts pled in declarations or affidavits, on a motion for conditional certification. *See Garcia v. Vertical Screen, Inc.*, 387 F. Supp. 3d 598, 603 (E.D. Pa. 2019) (finding that a plaintiff must provide some support beyond allegations in the pleadings, through affidavits or declarations, to make the factual showing required for conditional certification).

plaintiff must establish that there is a common factual nexus between how an employer's alleged FLSA violation affected the plaintiff and how that violation affected other employees. *Symczyk*, 656 F.3d at 193.

Here, Plaintiff's First Amended Complaint and his Declaration sufficiently demonstrate that he and other employees worked in excess of 40 hours a week and without overtime compensation, thus satisfying the similarly situated requirement for conditional certification. Plaintiff alleges that he worked over 40 hours a week as a deliveryman and driver, and that he was paid a flat rate of $1,350 a month without any additional compensation for overtime. ECF No. 37 at ¶¶ 52–54, 56, 58, 77–81. Plaintiff alleges that at least two other deliverymen—Mr. Liu and Mr. Wu—had similar experiences. *See generally* ECF No. 68-5. Plaintiff avers that, like Plaintiff, they worked the same schedule and received approximately the same pay without overtime compensation. *Id.* at ¶¶ 24–35; *see Gui Hua Ding v. Baumgart Rest, Inc.*, No. 18-cv-10358, 2020 WL 776838, at *5 (D.N.J. Dec. 30, 2020) (finding that familiarity with other employees' hours and pay tends to show a common factual nexus for conditional certification).

Moreover, Plaintiff identified approximately 15 other individuals in non-deliveryman positions employed by Defendants during Plaintiff's tenure, all of whom he alleges worked hours similar to him. ECF No. 68-5 at ¶ 21. Because Plaintiff allegedly drove these other restaurant employees home to Elmhurst, Queens, New York after their shifts, he was able to "observe and talk with" his colleagues about their jobs and learned that they also worked in excess of 40 hours a week. *Id.* at ¶ 22–23, 44; s*ee Covachuela v. Jersey Firestop, LLC*, No. 20-cv-8806, 2021 1326985, at *2 (D.N.J. Apr. 9, 2021) (finding that information gained from employees through conversations may be used to demonstrate a common factual nexus); *see also Ying Yang v. Vill. Super Mkt., Inc.*, No. 18-10486, 2019 WL 1275059, at *2 (D.N.J. May 14, 2019).

Accordingly, Plaintiff has met the low standard required for conditional certification of a collective action. *See Purnamasidi v. Ichiban Japanese Rest.*, No. 10-cv-1549, 2010 WL 3825797, at *4 (D.N.J. Sept. 24, 2010) (finding bare assertions that there are other employees working similar hours and receiving similar pay enough to establish that employees are similarly situated); *Viscomi et al. v. Clubhouse Diner et al.*, No. 13-cv-4720, 2016 WL 1255713, at *5 (E.D. Pa. Mar. 31, 2016) (finding that courts "routinely certify[] conditional collective actions based on the plaintiff's affidavit declaring they have personal knowledge that other coworkers were subjected to similar employer practices") (citations omitted).[2]

### b. Proposed Form of Notice

Plaintiff requests through a proposed Notice of Pendency and a Proposed Form of Notice that the Court authorize him to provide notice of this action to all potential members of the class. ECF Nos. 68-3, 68-4. Defendants have not replied to this request.

District courts have discretion to approve and facilitate notice to potential class members. *Gui Hua Ding*, 2020 WL 7768387, at *6 (citing *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989)). However, the Supreme Court has instructed that when exercising its discretionary power over the notice-giving process, a court must "be scrupulous to respect judicial neutrality.

---

[2] The Court notes that Defendants' oppositions do not address any of Plaintiff's arguments regarding conditional certification. ECF Nos. 70, 71. Instead, Defendants argue that Plaintiff's motion should be denied because he cannot meet the requirements for class certification pursuant to Fed. R. Civ. P. 23. *Id.* However, this argument is without merit. On a motion for conditional certification, Plaintiff need not demonstrate that the putative class satisfies Rule 23's requirements of numerosity, commonality, typicality, and adequacy of representation. *See Halle v. W. Pa. Allegheny Health Sys. Inc.*, 842 F.3d 215, 224 n.7 (3d Cir. 2016). Furthermore, to the extent that Defendants argue Plaintiff cannot show a FLSA violation has occurred and as a result Plaintiff's motion should be dismissed (ECF Nos. 70, 71), that argument is also unavailing. Courts do not consider the merits of a plaintiff's claim at the conditional certification stage. *Clark v. Intelenet Am., LLC*, No. 18-cv-14052, 2020 WL 831127, at *2 (D.N.J. Feb. 19, 2020). Determining whether a FLSA violation has occurred constitutes a merits question to be resolved at a later point in litigation. *Id.*

To that end, trial courts must take care to avoid even the appearance of judicial endorsement of the merits of the action." *Hoffman-La Roche Inc.*, 493 U.S. at 174. Accordingly, before Plaintiff may submit notice to the potential class members, the Court instructs the parties to meet and confer regarding the method of dissemination and content of the notice. The Court further instructs the parties to submit their proposed notice to the Honorable James B. Clark III, United States Magistrate Judge within fifteen days of the date of this opinion and accompanying order to ensure that timely notice is provided to potential class members. *See Clark*, 2020 WL 831127, at *4 (instructing the parties to meet and confer regarding the proposed form of notice and to submit the proposed form of notice to the presiding magistrate judge); *see also Kaiser*, 2012 WL 13042875, at *5 (instructing the parties to meet and confer regarding the proposed form of notice).

### c.   Statute of Limitations and Equitable Tolling

Plaintiff also requests that the statute of limitations period for opt-in plaintiffs be three years, as opposed to two years, pursuant to 29 U.S.C. § 255. ECF No. 68 at 17. Plaintiff further requests that this Court toll the statute of limitations until the expiration of the opt-in period to allow the maximum number of potential members to join the class. *Id.* at 17–18.

The FLSA provides that a cause of action under the Act for unpaid minimum wages, overtime wages, or liquidated damages must "be commenced within two years after the cause of action accrued . . . , except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). A party must "commence his cause of action before the statute of limitations applying to his individual claims has lapsed." *See Symczyk*, 656 F.3d at 200. In collective action cases, the date an action commences is measured differently for named plaintiffs and opt-in plaintiffs. *Id.* For named plaintiffs, an action commences the date upon which the complaint was filed. 29 U.S.C. § 256. For opt-in plaintiffs,

the action commences upon the filing of written consent and recovery is limited to the two-or three-year period preceding that date. *Id.*

Moreover, the Third Circuit has held that equitable tolling to stop a statute of limitations is most appropriate in the following three situations: "(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action, (2) where the plaintiff in some extraordinary way has been prevented from asserting his rights, or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum." *D.J.S.-W. v. United States*, 962 F.3d 745, 750 (3d Cir. 2020) (citation omitted).

Plaintiff argues that equitable tolling and a three-year statute of limitations period is appropriate in this case because Defendants willfully violated the FLSA by failing to provide notices or wage statements. ECF No. 68 at 7. Specifically, Plaintiff alleges that Defendants failed to provide notices regarding an employee's rate of pay, deductions, or allowances claimed as part of the minimum wage, and also failed to notify employees of Defendants' obligations under the FLSA. ECF No. 37 at ¶¶ 43, 88. Courts in this district have found that failure to provide "notice of this type tolls the running of any period of limitations" as it constitutes misleading the putative plaintiffs for purposes of equitable tolling. *Kim v. Dongbu Tour & Travel, Inc.*, No. 12-1136, 2013 WL 5674395, at *4 (D.N.J. Oct. 16, 2013) (collecting cases). Similarly, courts have also found that failure to provide required FLSA notices justifies a three-year statute of limitations period. *See Ying Yang*, 2019 WL 1275059, at *4 (citing *Ornelas v. Hooper Holmes, Inc.*, No. 12-3106, 2014 WL 7051868, at *8-*9 (D.N.J. Dec. 12, 2014)); *see also Gui Hua Ding*, 2020 WL 7768387, at *5.

Accordingly, the statute of limitations is tolled until the end of the opt-in period, and the statute of limitations period is extended to three years.

IV.    <u>**CONCLUSION**</u>

For the reasons set forth above, Plaintiff's motion for conditional certification of a collective action, court authorized notice to similarly situated individuals, and equitable tolling of the statute of limitations is granted. The parties are directed to meet and confer as to the form of notice. An appropriate Order accompanies this Opinion.

DATED:  January 14, 2022

s/ Claire C. Cecchi
**CLAIRE C. CECCHI, U.S.D.J.**

9