## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **BAO YU YANG,** *on his own behalf and on behalf of others similarly situated*, | : : : | |
| | : | **Civil Action No. 19-12742 (CCC)** |
| **Plaintiffs,** | : : | |
| | : | |
| **v.** | : | **REPORT & RECOMMENDATION** |
| | : | |
| **SOMCHAI AND COMPANY INC,** *doing business as* **SKY THAI, et al.,** | : : : | |
| | : | |
| **Defendants.** | | |

**THIS MATTER** has come before the Court on Plaintiff Bao Yu Yang's ("Plaintiff") motion to strike the answer of Defendants Madee Inc. d/b/a Sky Thai and Ampawun Silraksa (collectively, "Defendants")[1] and to enter default. [Dkt. No. 103]. For the reasons set forth below, it is respectfully **RECOMMENDED** that the Defendants' Answer be stricken and default entered.

## BACKGROUND

Plaintiff initiated this action on May 21, 2019. [Dkt. No. 1]. Defendants moved to dismiss the complaint [Dkt. Nos. 8–10] and Plaintiff filed a brief in opposition which included new factual allegations regarding the relationship between Plaintiff and Defendants [Dkt. No. 12 at 4–6]. On February 27, 2020, the Court denied the motions to dismiss as moot, dismissed the complaint without prejudice, and granted Plaintiff leave to file an amended complaint that included the additional factual allegations. [Dkt. No. 36 at 2.]

Plaintiff then filed an amended complaint on March 24, 2020 alleging that Plaintiff and other employees of the Defendant restaurants were underpaid in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and New Jersey Wage and Hour Law

---

[1] These are the only two Defendants who answered the Complaint. *See* Dkt. Nos. 38 and 39.

("NJWHL"), NJSA § 34:11-56 *et seq.* [Dkt. No. 37]. Defendants filed their Answer to the Amended Complaint on April 8, 2020, including a counterclaim which asserted that Plaintiff was never an employee of Defendants. [Dkt. Nos. 38 and 39]. Five days later, on April 13, 2020, Defendants filed a motion to dismiss Plaintiff's Amended Complaint. [Dkt. Nos. 40 and 41]. On April 21, 2020, Plaintiff filed a cross-motion to dismiss Defendants' Counterclaims. [Dkt. No. 42].

On November 13, 2020, the Honorable Claire C. Cecchi, U.S.D.J., issued an Opinion and Order denying Defendants' motion to dismiss and granting Plaintiff's motion to dismiss Defendants' counterclaims. [Dkt. Nos. 54 and 55].

On June 18, 2021, Plaintiff filed a Motion to Certify a Conditional Collective Action [Dkt. No. 67], which the Court granted in an Opinion and Order issued on January 14, 2022. [Dkt. Nos. 87 and 88].

On April 27, 2022, counsel for Defendants filed a Motion to Withdraw as Attorney based on his inability to reach his clients. [*See* Dkt. Nos. 98 and 99]. On June 28, 2022, the Undersigned granted counsel for Defendants' motion to withdraw finding that the balance of concerns weighed in favor of withdrawal. [*See* Dkt. No. 102]. Pursuant to the same Order, the Court granted Plaintiff leave to file a motion to strike Defendants' answer and have default entered against the same, *see id.*, which Plaintiff timely filed pursuant to the Order on July 29, 2022. [Dkt. No. 103].

## **ANALYSIS**

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to respond to court orders and for failure to prosecute or defend a case. *See* Fed. R. Civ. P. 37(b)(2).

Rule 37(b)(2) explicitly recognizes the court's ability to strike a pleading, in whole or in part, for failure "to obey an order to provide or permit discovery." *Id.*

However, where a sanction may "deprive a party of the right to proceed with or defend against a claim," courts must weigh the six factors enunciated by the Third Circuit in *Poulis v. State Farm Casualty Co.*, 747 F.2d 863 (3d Cir. 1984) in deciding whether to impose the sanction. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990). The *Poulis* factors are:

> (1) [T]he extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Poulis*, 747 F.2d at 868 (emphasis omitted). No single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met. *See Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

**1. Defendants' Personal Responsibility**.  In this case it appears that Defendants are solely responsible for their failure to comply with court orders and defend this matter. While Defendants appear to have initially participated in the case, their counsel represented both in his Motion to Withdraw and to opposing counsel and the Court that he has been unable to reach his clients since at least March of 2022. *See, e.g.*, Dkt. No. 104 at ¶¶ 15 and 16. Since then, Defendants have not made any attempts to contact the Court or opposing counsel. As such, this factor weighs against Defendants.

2. **Prejudice to Plaintiff.** The Court finds that manifest injustice would result to Plaintiff if Defendants' Answer is not stricken. Defendants' failure to participate in this action would unduly prejudice Plaintiff, as there is no indication that Defendants intend to retain counsel and thereby resume their defense of this matter and indeed their prior counsel was unable to maintain contact with them. Accordingly, this factor weighs in favor of striking the Answer and entering default against Defendants.

3. **History of Dilatoriness.** While Defendants appear to have participated in the case in its early stages, they appear to have abandoned their defense, as evidenced by their failure to maintain communication with their counsel since at least March of 2022 and their failure to appear at numerous scheduled conferences with the Court. Defendants' inaction since at least March of 2022 further supports striking their Answer and entering default against them.

4. **Willfulness or Bad Faith.** The Court will not conclude that Defendants have proceeded in bad faith. However, Defendants' conduct has been willful. Defendants willfully decided not to maintain contact with their prior counsel or to retain new counsel thereafter, despite the negative consequences that may result therefrom. These circumstances, when taken as a whole, suggest that Defendants have abandoned their defense of this case and further weigh against them.

5. **Effectiveness of Alternative Sanctions.** Under *Poulis*, courts must consider alternative remedies, such as attorneys' fees or preclusion of claims, before striking a pleading and entering default. *See Ghana v. New Jersey State Parole Bd.*, No. 01–1620, 2011 WL 3608633, at *10 (D.N.J. Aug. 15, 2011). Here, however, Defendants' outright refusal to communicate with their prior counsel or to retain new counsel suggests that alternative sanctions

would be futile. On the facts as outlined above, no lesser sanction would be effective. *See Joyce v. Continental Airlines, Inc.*, No. 09–2460, 2011 WL 2610098 (D.N.J. June 15, 2011).

      **6.    Meritoriousness of the Claims.**    The Court is unable to determine the meritoriousness of Defendants' defenses, although the Undersigned notes that Judge Cecchi dismissed Defendants' counterclaim and denied Defendants' motion to dismiss, and she granted Plaintiff's motion to certify a conditional collective action, indicating Plaintiff's claims have at least some merit. *See* Dkt. Nos. 54 and 87. However, regardless of whether Plaintiff's claims have merit, the parties were still conducting discovery when Defendants ceased participating, so the Undersigned will find this factor "neutral" due to the stage of the proceedings. *See Caffrey v. Scott*, No. 10-5055, 2011 WL 4528169, at *4 n.1 (D.N.J. Sept. 28, 2011).

      In sum, the Court finds the *Poulis* factors weigh in favor of striking Defendants' Answer and entering default against them. Therefore, the Undersigned respectfully **RECOMMENDS** that the District Court strike Defendants' Answer and enter default.

<u>**CONCLUSION**</u>

      In light of the foregoing; and the Court having given consideration of the *Poulis* factors;

      IT IS on this 29th day of September, 2022,

      **RECOMMENDED** that Defendants' Answer be stricken pursuant to Fed. R. Civ. P. 37(b)(2), and default entered.

      The parties are advised that they may file an objection within 14 days of the date of this Order pursuant to Fed. R. Civ. P. 72(b)(2).

5

  s/ James B. Clark, III
**JAMES B. CLARK, III**
**United States Magistrate Judge**